**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| JOHN MCDANIELS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RPT REALTY, RICHARD L. FEDERICO, ARTHUR H. GOLDBERG, BRIAN L. HARPER, JOANNA T. LAU, DAVID J. NETTINA, LAURIE M. SHAHON, and ANDREA M. WEISS,<br><br>　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff John McDaniels ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE AND SUMMARY OF THE ACTION**

1.　　This is a stockholder action brought by Plaintiff against RPT Realty ("RPT Realty" or the "Company") and the members of RPT Realty's Board of Trustees (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission

("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the Board's attempt to sell the Company to Kimco Realty Corporation ("Kimco") (the "Proposed Transaction").

2. On August 28, 2023, RPT Realty entered into an Agreement and Plan of Merger with Kimco, Kimco's wholly owned subsidiaries, Kimco Realty OP, LLC ("Kimco OP") and Tarpon Acquisition Sub, LLC ("Merger Sub"), Kimco OP's wholly owned subsidiary, Tarpon OP Acquisition Sub, LLC ("OP Merger Sub"), and RPT's operating partnership, RPT Realty, L.P. ("RPT OP") (the "Merger Agreement").  Pursuant to the terms of the Merger Agreement, RPT Realty shareholders will receive 0.6049 newly issued shares of Kimco common stock for each share of RPT Realty common stock.  Upon closing of the Proposed Transaction, RPT's shareholders will own approximately 8% and Kimco's shareholders will own approximately 92% of the combined company.

3. On November 9, 2023, the Board authorized the filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC.  Specifically, the Proxy Statement, which recommends that RPT Realty stockholders vote their shares in favor of the Proposed Transaction, contains materially incomplete and misleading information, including with respect to: (i) RPT Realty's financial projections; (ii) the financial analyses underlying the fairness opinion provided by the Company's financial advisor, Lazard Frères & Co.

2

LLC ("Lazard"); (iii) the background of the Proposed Transaction; and (iv) potential conflicts of interest faced by Lazard.

4.      The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as RPT Realty stockholders need such information in order to make a fully informed decision in connection with the Proposed Transaction.

5.      The special meeting for RPT Realty stockholders to vote on the Proposed Transaction is scheduled for December 12, 2023. It is imperative that such Exchange Act violations are promptly cured to enable Plaintiff and RPT Realty's other shareholders to make an informed decision whether to vote their shares in favor of the Proposed Transaction. Therefore, Plaintiff seeks to enjoin the stockholder vote unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.      This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as

to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arose in this District, where a substantial portion of the actionable conduct took place, where most of the documents are electronically stored, and where the evidence exists. RPT Realty operates and maintains its Human Resources corporate office in this District and owns approximately eight properties in this District. Moreover, each of the Individual Defendants, as Company officers or trustees, has extensive contacts within this District.

## THE PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of shares of RPT Realty common stock.

10. Defendant RPT Realty is a Maryland corporation, with its principal executive offices located at 19 W. 44th Street, Suite 1002, New York, New York 10036 and its Human Resources corporate office located at 20750 Civic Center Drive, Suite 310, Southfield, Michigan 48076. RPT Realty's shares trade on the New York Stock Exchange under the ticker symbol "RPT."

11. Defendant Richard L. Federico has been a trustee of the Company at all relevant times.

12. Defendant Arthur H. Goldberg has been a trustee of the Company at all relevant times.

13. Defendant Brian L. Harper has been President, Chief Executive Officer and a trustee of the Company at all relevant times.

14. Defendant Joanna T. Lau has been a trustee of the Company at all relevant times.

15. Defendant David J. Nettina has been a trustee of the Company at all relevant times.

16. Defendant Laurie M. Shahon has been a trustee of the Company at all relevant times.

17. Defendant Andrea M. Weiss has been a trustee of the Company at all relevant times.

18. Defendants identified in paragraphs 11-17 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**Background of the Company**

19. RPT Realty is a real estate investment trust ("REIT") that owns and operates a national portfolio of open-air shopping destinations principally located in top U.S. markets. The Company conducts substantially all of its business through RPT OP. As of September 30, 2023, the Company's property portfolio (the

5

"aggregate portfolio") consisted of 43 wholly-owned shopping centers, 13 shopping centers owned through its grocery-anchored joint venture, and 49 retail properties owned through its net lease joint venture, which together represent 14.9 million square feet of gross leasable area. As of September 30, 2023, the Company's pro-rata share of the aggregate portfolio was 93.5% leased.

**The Proposed Transaction**

20.     On August 28, 2023, RPT Realty announced that it had entered into the Proposed Transaction, stating, in relevant part:

> JERICHO, NY & NEW YORK, NY August 28, 2023 – Kimco Realty® ("Kimco" or the "Company") (NYSE: KIM), North America's largest publicly traded owner and operator of open-air, grocery-anchored shopping centers and a growing portfolio of mixed-use assets, and RPT Realty ("RPT") (NYSE: RPT), a publicly traded owner and operator of a national portfolio of open-air shopping center destinations principally located in top U.S. markets, today announced a definitive merger agreement under which RPT will be acquired by Kimco in an all-stock transaction valued at approximately $2 billion, including the assumption of debt and preferred stock. Upon closing, Kimco expects to have a pro forma equity market capitalization of approximately $13 billion and a total enterprise value of approximately $22 billion.
>
> Under the terms of the merger agreement, RPT shareholders will receive 0.6049 of a newly-issued Kimco share for each RPT share they own, representing a total consideration of approximately $11.34 per RPT share based on Kimco's closing share price on August 25, 2023. This represents a 19% premium to RPT's closing share price on August 25, 2023. At closing, Kimco stockholders and RPT shareholders are expected to own approximately 92% and 8% of the combined company, respectively. The board of directors of Kimco and the board of trustees of RPT both unanimously approved the transaction. The transaction is expected to close in the beginning of 2024, subject to RPT shareholder approval and other customary closing conditions.

"This transaction presents another exciting opportunity for our Company to deepen our presence in key Coastal and Sun Belt markets, while accelerating our growth at an attractive valuation," said Conor Flynn, CEO of Kimco. "Approximately 70% of RPT's portfolio aligns with our key strategic markets. Furthermore, their substantial pipeline of signed, but not yet open leases and 20% or greater mark-to-market leasing spread across the portfolio, will drive higher growth for the combined company. The transaction is immediately accretive to FFO and the addition of these properties further positions Kimco as the country's premier owner and operator of open-air, grocery-anchored shopping centers and mixed-use assets."

Brian Harper, President and CEO of RPT, added, "Since joining RPT five years ago, the team and I have worked tirelessly to create long-term stakeholder value by curating the portfolio towards Coastal and Sun Belt markets, while delivering exceptional leasing results and prudently managing the balance sheet. After carefully considering the merits of this transaction, we believe that aligning with Kimco, a leader in the grocery-anchored shopping center space, is in the best interest of our stakeholders, given the multiple synergies that can be realized as a combined company. We also believe this transaction delivers an attractive share price premium that offers our shareholders the opportunity to participate in a larger, more liquid and diversified company that is well positioned to deliver long-term value."

The transaction will add 56 open-air shopping centers, including 43 wholly-owned and 13 joint venture assets, comprising 13.3 million square feet of gross leasable area, to Kimco's existing portfolio of 528 properties. In addition, the Company will acquire RPT's 6% stake in a 49-property net lease joint venture. Beyond strengthening Kimco's presence in its key markets, today's transaction is expected to provide embedded growth opportunities, including those associated with redevelopment. Kimco has identified a limited group of Midwest properties within RPT's portfolio that it views as not consistent with its strategy that it expects to divest over time.

Adam Gallistel, Head of Americas Real Estate for GIC, said, "Our longstanding and successful joint venture with RPT has provided GIC a unique opportunity to own high-quality, grocery-anchored shopping

centers with a distinguished organization. We are thankful to Brian Harper and the entire RPT team for many years of successful partnership. Looking ahead, we're excited to combine GIC's extensive history of real estate investing with Kimco's deep expertise as a leading owner and operator of open-air shopping centers and mixed-use assets in the U.S., to continue delivering on the strong long-term opportunities in this space."

**Summary of Strategic Benefits**

The acquisition is expected to result in a number of benefits, including:

- **Earnings Accretion and Net Operating Income (NOI) Growth Opportunities:** The transaction is expected to be immediately accretive to key financial and operating metrics, including initial cost savings synergies of approximately $34 million. Kimco is well positioned to unlock embedded value in the portfolio by increasing portfolio occupancy, marking leases to market, realizing the 330-basis point spread in RPT's existing signed not open lease pipeline, and creating value through future redevelopment opportunities to drive future NOI growth.

- **Increased Scale in High-Growth Target Markets:** RPT's assets that align with Kimco's key target markets are nearly 90% grocery-anchored, based on pro-rata annual base rent, and provide a strong NOI growth profile. These assets will further enhance Kimco's strategic presence in Sun Belt and Coastal markets that benefit from positive demographic and migration trends. The addition of Mary Brickell Village in Miami offers significant value creation potential through leasing and tenant remerchandising, mixed-use redevelopment, as well as expanding Kimco's Signature Series® portfolio.

- **Expanded Partnership Opportunities:** RPT's existing joint venture relationships, the largest of which is GIC, a leading sovereign wealth fund, provide significant opportunity for continued growth via investments in grocery-anchored shopping centers and mixed-use assets.

8

- **Maintains Balance Sheet Strength**: The Company believes that the transaction will be leverage neutral, preserving financial flexibility and capacity to invest while creating additional value.

### Leadership and Organization

There are no anticipated changes to Kimco's executive management team or board of directors. RPT is expected to align the timing of its regular quarterly dividend payments to Kimco's during the pendency of the acquisition. The transaction is generally expected to be non-taxable to shareholders of both companies.

J.P. Morgan is acting as financial advisor and Wachtell, Lipton, Rosen & Katz is acting as legal advisor to Kimco. Lazard is acting as financial advisor and Goodwin Procter LLP is acting as legal advisor to RPT. ICR, LLC is serving as communications advisor to Kimco. Prosek Partners is serving as communications advisor to RPT.

### The Materially Incomplete and Misleading Proxy Statement

21.     On November 9, 2023, the Board caused to be filed a materially incomplete and misleading Proxy Statement with the SEC. The Proxy Statement, which recommends that RPT Realty stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (i) RPT Realty's financial projections; (ii) the financial analyses underlying the fairness opinion provided by the Company's financial advisor, Lazard; (iii) the background leading to the Proposed Transaction; and (iv) potential conflicts of interest faced by Lazard.

*Material Misrepresentations and/or Omissions Concerning the Financial Projections for RPT Realty*

22. The Proxy Statement is materially deficient because it fails to disclose material information relating to the intrinsic value of RPT Realty going forward.

23. For example, according to the Proxy Statement, for purposes of the Company's outreach to third parties, "the RPT management team, with the assistance of representatives of Lazard, allocated certain of RPT's assets to one of two segmented portfolios based on a variety of factors including, among others, estimated relative return characteristics, financing and pricing expectations and availability of capital," defined as the "Sub-Portfolios." Proxy Statement at 37. Following the Company's execution of confidentiality agreements with interested parties, RPT Realty provided "select diligence materials regarding the financials and operations of [each] Sub-Portfolio" to the interested parties. *Id.* Indeed, between May 2023 and August 2023, six parties indicated interest in one or more of the Sub-Portfolios or certain assets within the Sub-Portfolios. *See id.* The Proxy Statement, however, fails to disclose a summary of the Sub-Portfolios, as well as the financials and operations of each Sub-Portfolio, including any financial projections related to the Sub-Portfolios.

24. Additionally, the Proxy Statement fails to disclose the line items underlying the calculation of the Company's: (i) Operating Funds from Operations;

(ii) Operating FFO per Share; (iii) Adjusted Funds from Operations; and (iv) AFFO per Share.

*Material Misrepresentations and/or Omissions Concerning Lazard's Financial Analyses*

25. The Proxy Statement fails to disclose material information concerning Lazard's financial analyses.

26. With respect to Lazard's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose a quantification of: (i) RPT Realty's estimated terminal year 2028 EBITDA, as adjusted, used to calculate the Company's terminal values; (ii) RPT Realty's terminal values; (iii) the inputs and assumptions underlying the discount rates ranging from 9.1% to 11.1%; and (iv) the Company's outstanding shares used in the analysis.

27. With respect to Lazard's *Selected Publicly Traded Companies Analysis*, the Proxy Statement fails to disclose: (i) the individual multiples and financial metrics for each company; and (ii) RPT Realty's 2023 and 2024 estimated FFO per common share.

28. With respect to Lazard's *Selected Precedent Transactions Analysis*, the Proxy Statement fails to disclose: (i) the individual multiples and financial metrics

for each transaction; and (ii) RPT Realty's estimated FFO per common share for the twelve-month period commencing on July 1, 2023.

*Material Misrepresentations and/or Omissions Concerning the Background of the Proposed Transaction*

29. The Proxy Statement fails to disclose material information concerning the background leading to the Proposed Transaction.

30. Specifically, the Proxy Statement sets forth that:

> During this April 2023 to July 2023 period, RPT and its advisors negotiated and RPT entered into 17 confidentiality agreements including customary non-disclosure provisions. Sixteen of the confidentiality agreements, including a confidentiality agreement with Kimco, also contained a "standstill" provision prohibiting the counterparty from, among other things, acquiring any, or proposing any merger, tender offer or other similar transaction regarding, equity securities of RPT, for a period of at least nine months from the date of the respective confidentiality agreement unless otherwise agreed in writing by RPT.

*Id*. The Proxy Statement, however, fails to disclose whether the standstill provisions included in the sixteen confidentiality agreements executed by interested parties are "don't-ask, don't-waive" standstill provisions and if so, whether any standstill provisions are still in effect and operate to preclude any potential bidder from submitting a topping bid for the Company following the Company's entry into the Merger Agreement.

*Material Misrepresentations and/or Omissions Concerning Lazard's Potential Conflicts of Interest*

31. The Proxy Statement fails to disclose potential conflicts of interest faced by the Company's financial advisor, Lazard.

32. Specifically, the Proxy Statement sets forth:

Lazard in the past has provided and in the future may provide certain investment banking services to Kimco, for which Lazard has received and may receive compensation, including, during the two years prior to the date of its opinion, having advised Kimco in connection with a potential transaction that was not consummated, and with respect to its merger with Weingarten Realty Investors which closed in August 2021.

*Id.* at 53. The Proxy Statement, however, fails to disclose the amount of compensation Lazard has received or expects to receive in connection with the prior services it performed for Kimco.

33. In sum, the omission of the above-referenced information renders statements in the "Certain RPT Unaudited Prospective Financial Information," "Opinion of RPT's Financial Advisor," and "Background of the Mergers" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of RPT Realty will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and RPT Realty**

34. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

35. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. RPT Realty is liable as the issuer of these statements.

36. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

37. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

38. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total

mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

39. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

40. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

41. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

42. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

43. The Individual Defendants acted as controlling persons of RPT Realty within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or trustees of RPT Realty and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

44. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

45. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

46. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

47. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of RPT Realty, and against defendants, as follows:

A.  Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the stockholder vote on the Proposed Transaction, unless and until defendants disclose the material information identified above which has been omitted from the Proxy Statement;

B.  In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.  Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact;

D.  Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.  Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: November 14, 2023                 **ACOCELLI LAW, PLLC**

By */s/ Richard A. Acocelli*
Richard A. Acocelli
33 Flying Point Road, Suite 131
Southampton, NY 11968
Tel: (631) 204-6187
Email: racocelli@acocellilaw.com

*Attorneys for Plaintiff*